UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>  v.<br><br>MARIA VIDRIEZCA-GUZMAN,<br><br>               Defendant. | Case No. 1:05-cr-00124-BLW<br><br>**ORDER** |

Before the Court is Defendant Maria Vidriezca-Guzman's Motion for Early Termination of Probation (Dkt. 651). The government does not oppose the Motion. *Notice of Non-Opp.*, Dkt. 652. For reasons discussed below, the Court will grant the Motion.

## BACKGROUND

On May 18, 2005, Defendant was named with 14 co-defendants in a 12 count complaint alleging controlled substance violations, criminal enterprise, and drug forfeiture. *Compl.*, Dkt. 1. The government filed a superseding indictment on November 8, 2005, naming Defendant in counts 1–7, 98 and 99. *Superseding Indictment*, Dkt. 215. On December 7, 2005, pursuant to a written plea agreement, Defendant entered a plea of

**ORDER - 1**

guilty to counts 1 and 98. *Minute Entry*, Dkt. 258. Defendant was sentenced on October 5, 2006, to a term of 5 years, followed by 5 years of supervised release. *Judgment*, Dkt. 555. On February 6, 2009, Defendant was released from prison without incident and transferred to a half-way house; she was released to supervision by the United States Probation Office for the Central District of California on August 5, 2009. She has been under the supervision of probation officer Lauri Alonzo, a mental health specialist.

Ms. Alonzo reports that Defendant has been in full compliance with conditions of her supervision, has completed all drug testing, has participated in all mental health treatment, and has been a hard worker. Ms. Alonzo does not oppose Defendant's early termination of supervised release.

## DISCUSSION

After considering the factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e); Fed. R. Crim. P. 32.1(c)(2)(B). Under Federal Rule of Criminal Procedure 32.1(c)(2)(B), a hearing is not required where – as here – the relief sought is favorable to Defendant, does not extend the term of probation or supervised release, and is not opposed by the government.

In this case, Defendant has served almost three years of supervised release. The government and probation have both indicated they do not oppose the termination of

supervision, as requested by Defendant.  On consideration of information provided by the government and probation, the Court finds that Defendant has conducted herself in exemplary fashion thus far.  The Court finds that there is no longer a need to supervise Defendant, and that early termination would permit U.S. Probation to focus resources in other areas of need.

For these reasons, the Court finds that early termination of Defendant's supervised release is warranted, and will grant Defendant's motion.

## ORDER

**IT IS ORDERED THAT:** Defendant's Motion (Dkt. 651) for Early Termination of Supervised Release is **GRANTED**, and this case is dismissed in its entirety.

DATED: July 26, 2012

B. Lynn Winmill
Chief Judge
United States District Court

**ORDER - 3**